UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No. 2:20-cv-10534-MCS-E | Date January 26, 2021 |
| Title *Noel Erfan v. Merz North America, Inc., et al* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings: (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND (ECF No. 19)

Before the Court is Plaintiff Noel Erfan's Motion to Remand this action to Los Angeles County Superior Court. Mot., ECF No. 19. Defendant Merz North America, Inc. filed an Opposition and Plaintiff filed a Reply. Opp., ECF No. 21; Reply, ECF No. 22. The Court deems this matter appropriate for decision without oral argument and vacates the hearing. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. The Motion is **GRANTED**.

I.  BACKGROUND

Plaintiff filed this action in the Los Angeles County Superior Court on October 9, 2020. Merz removed the action to this Court based solely on diversity jurisdiction. *See* Not. of Removal, ECF No. 1. Plaintiff's First Amended Complaint ("FAC," ECF No. 18) asserts the following allegations:

Merz hired Plaintiff as a sales representative in 2017. FAC ¶ 1. In 2019, "Plaintiff suffered from pneumonia causing asthma and chronic breathing issues" and "Plaintiff's physician instructed" her "to take five days off from work due to her disability." *Id.* ¶ 9. Plaintiff's supervisor, Defendant Steve Bernier, "harassed

Plaintiff by pressuring" her "to return to work" and Plaintiff therefore "felt like she had no choice but to return to work after only two days into her medical leave," even though "her doctor recommended she take five days off from work." *Id.* "Bernier was well aware of Plaintiff's pneumonia, shortness of breath, and the difficulty she was having at work because of her medical issues." *Id.* ¶ 10. Due to subsequent infirmities, "Plaintiff's therapist and primary care physician recommended Plaintiff take three months off from work." *Id.* ¶ 11. Plaintiff was "scheduled to return" to work in October 2019, but "sustained an injury causing a concussion and sprained neck" resulting in a physician's note "excusing Plaintiff from work for an additional two weeks." *Id.* ¶ 12. Defendants retaliated and gave Plaintiff "two options: (1) either return to work on Monday or (2) quit with a severance package." *Id.* ¶ 13. "Plaintiff had no choice but to return to work on November 25, 2019, despite the debilitating pain and neurological symptoms she was experiencing." *Id.* ¶ 14. Bernier proceeded to harass Plaintiff, obstructing her "work performance and seriously affect[ing] her psychological well-being." *Id.* ¶¶ 16-17, 20. Bernier also used Plaintiff's "disability against her, made demeaning comments, and attempted to make her look bad in front of her colleagues by" falsely "accusing her of falling asleep during meetings." *Id.* ¶ 21. Bernier further harassed Plaintiff by giving her negative performance reviews, unfairly criticizing her work, and engaging in other troublesome conduct. *Id.* ¶¶ 22-26. After Plaintiff complained further about her condition and treatment, she received "another three months off from work." *Id.* ¶¶ 27-28. Bernier and Human Resources later terminated Plaintiff after she called to report her upcoming gallbladder surgery. *Id.* ¶ 31.

Plaintiff brings a harassment claim against Bernier under California's Fair Employment and Housing Act ("FEHA") and eight claims against Merz. *Id.* ¶¶ 37-133. It is undisputed that Plaintiff and Bernier are California citizens. *Id.*

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing subject-matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

## III. DISCUSSION

Plaintiff argues there is no diversity of citizenship because she and Bernier are California citizens. Merz counters that Bernier was fraudulently joined, so the Court may disregard his citizenship.

In evaluating diversity jurisdiction, the Court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (internal quotation marks omitted). In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" *Id.* (alteration in original) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550. There is a presumption against fraudulent joinder, and "defendants who assert fraudulent joinder carry a heavy burden of persuasion." *Tanner v. Ford Motor Co.*, 424 F. Supp. 3d 666, 670 (N.D. Cal. 2019).

To state a FEHA harassment claim, an employee must allege facts showing that workplace harassment was "severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees." *Hughes v. Pair,* 46 Cal.4th 1035, 1043 (2009) (quoting *Miller v. Department of Corrections,* 36 Cal.4th 446 (2005)). As discussed, Plaintiff pleads that Bernier subjected her to repeated acts of harassment stemming from her work-related disabilities, and provides specific instances illustrating Bernier's allegedly pervasive harassment. She alleges, for example, that Bernier commonly used Plaintiff's "disability against her, made demeaning comments, and attempted to make her look bad in front of her colleagues by" falsely "accusing her of falling asleep during meetings." *Id.* ¶ 21. This alleged harassment persisted for months and purportedly caused Plaintiff severe psychological distress that was exacerbated by her existing physical and mental disabilities. *See, e.g., id.* ¶ 16 ("Bernier placed a nearly impossible task on Plaintiff's shoulders immediately after being forced to return to work from medical leave. Mr. Bernier further harassed Plaintiff by" instructing her to give "daily updates of Plaintiff's plan and progress

— Plaintiff was never expected to do this in the past, nor were other similarly situated employees expected to do this."); ¶ 20 ("Bernier overtly expressed to Plaintiff that he simply did not believe the severity and sincerity of her complaints and requests for accommodations relating to her disability. Bernier made derogatory and harassing comments such to the effect of 'I don't believe you are still experiencing symptoms of your concussion' [and] 'I don't believe you're sick.'"); ¶ 24 (alleging Bernier "yelled at Plaintiff" and "threatened to call Human Resources," "suggesting he intended to fire Plaintiff if she did not attend [a] meeting in violation of her doctor's orders.").

Merz argues that these allegations amount to non-actionable "commonly necessary personnel management actions" concerning "Plaintiff's work and her performance." Opp. 5-10 (citing *Pineda v. Abbott Labs. Inc.*, 831 F. App'x 238, 240 (9th Cir. 2020) (affirming denial of remand where FEHA harassment claim based on conduct that "arose 'out of the performance of necessary personnel management duties'")). Merz relatedly argues that no allegations support severe or pervasive harassment that could alter Plaintiff's conditions of employment. *Id.* 10-13 (citing *Washington v. Lowe's HIW Inc.*, 75 F.Supp.3d 1240, 1250-51 (N.D. Cal. 2014) (dismissing claims for sexual harassment against individual defendants because "[p]laintiff's allegations fail[ed] to plead a concerted pattern of hostile or abusive harassment"). Merz concludes that no amendment could save Plaintiff's harassment claim against Bernier. *Id.* 13-14.

At this stage, however, "factual allegations and evidence" are evaluated "in the light most favorable to the plaintiff," and disputes of fact must be resolved "in favor of the plaintiff." *Amarant v. Home Depot U.S.A., Inc.*, 2013 WL 3146809, at *4 (E.D. Cal. June 18, 2013) (citations omitted). Considered in that light, Plaintiff's allegations could support a finding that "at least some of the actions purportedly taken were not strictly personnel management decisions." *Hale v. Bank of Am., N.A.*, 2013 WL 989968, at *5 (C.D. Cal. Mar. 13, 2013) (citing *Dagley v. Target Corp., Inc.,* 2009 WL 910558, at *3 (C.D. Cal. Mar. 31, 2009) ("[I]f a plaintiff 'alleges conduct other than that inherent in terminating an employee', such as violating a 'fundamental interest of the employee ... in a deceptive manner that results in the plaintiff being denied rights granted to other employees,' " then the plaintiff has alleged behavior beyond "a simple pleading of personnel management activity"). A court could construe Bernier allegedly yelling at Plaintiff and chastising her in front of other employees due to her alleged disabilities, for instance, as pervasive and severe harassment, particularly given the conduct's alleged persistence. *Phillips v. United Parcel Serv., Inc.*, 2020 WL 996597, at *3 (C.D. Cal. Feb. 28, 2020) ("Even

if a plaintiff's claims against a defendant could not withstand a 12(b)(6) motion, that does not mean that the defendant has been fraudulently joined."). Merz therefore fails to meet its heavy burden to show that there is no possibility that Plaintiff can state a claim against Bernier. *Id.* ("Plaintiff's complaint sufficiently establishes that there is a *possibility* that he could recover against Lorton for hostile work environment based on the allegations that Lorton issued pretextual write-ups against him for a substantial period in time in retaliation for taking medical leaves of absence. That is sufficient to show that a finding of fraudulent joinder is not appropriate here.") (citation omitted); *see also Scates v. FedEx Ground Package Sys., Inc.*, 2020 WL 5759121, at *4 (C.D. Cal. Sept. 25, 2020) (rejecting fraudulent joinder argument because defendant failed to produce its own supporting evidence that met the "high burden of showing Plaintiff has *no possibility* of" a claim against a defendant).

Because Bernier and Plaintiff are California citizens and Merz has not established fraudulent joinder, there is no diversity of citizenship, the Court lacks jurisdiction, and remand is mandatory. 28 U.S.C. § 1447(c).

## IV.  CONCLUSION

The Court **GRANTS** the Motion and **REMANDS** this action to the Superior Court of California for the County of Los Angeles, No. 20STCV39108. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**